CORE Group Mkt.ing LLC v MIP One Wall St. Acquisition LLC (2023 NY Slip Op 00643)

CORE Group Mktg. LLC v MIP One Wall St. Acquisition LLC

2023 NY Slip Op 00643

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 654409/21 Appeal No. 17262 Case No. 2022-03816 

[*1]CORE Group Marketing LLC, Plaintiff-Appellant,
v
MIP One Wall Street Acquisition LLC, Defendant-Respondent.

Stern Tannenbaum & Bell LLP, New York (David S. Tannenbaum of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Lori Anker Nott of counsel), for respondent.

Order, Supreme Court, New York County (Robert R. Reed, J.) entered on or about July 26, 2022, which granted defendant's motion for summary judgment dismissing the complaint and plaintiff's affirmative defenses in reply to defendant's counterclaim for attorneys' fees, unanimously affirmed, with costs.
Summary judgment was properly awarded to defendant based on the unambiguous terms of the parties' brokerage agreement for the marketing and sale of condominium units, and the motion court properly construed its terms. Although plaintiff maintains that the motion court should not have limited its analysis to paragraph 7 of the agreement and instead should have harmonized the agreement as a whole, plaintiff's reading of the agreement is not supported by its terms (see Matter of Banos v Rhea, 25 NY3d 266, 278 [2015] ["Although all portions of a contract should be read together to determine its meaning, courts may not distort the meaning of words, under the guise of interpretation, so as to create a new contract"] [internal citations omitted]).
Plaintiff acknowledges that it performed under the agreement for nearly five years from the beginning of the term. At that point, however, paragraph 7 of the agreement no longer provides for a termination fee, warranting dismissal of the breach of contract claim (see Sasson v TLG Acquisition LLC, 127 AD3d 480, 481 [1st Dept 2015]). Analysis of paragraph 2 does not change the outcome, as paragraph 2(ii) defines the term of the agreement to "commence on the date hereof" not on the date the sales center opened. Paragraph 2(iv) refers to the creation of a sales center, and the date of the opening of the sales center is referred to as the "sales commencement date," but that date is only relevant for calculating the termination fee "during the third year of the Term" under paragraph 7(iii)(C), not the third anniversary of the sales commencement date. Contrary to plaintiff's contention, the motion court properly determined that none of these provisions are ambiguous (Mallad Constr. Corp. v County Fed. Sav. & Loan Assn., 32 NY2d 285, 290 [1973]).
We also agree that, even if it were not duplicative of the breach of contract claim, the breach of the covenant of good faith and fair dealing claim could not operate to rewrite the agreement (Transit Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 29 [1st Dept 2017]). Regarding the quasi-contract claims, whether or not they were pleaded in the alternative, they were barred by the written agreement (Jagarnauth v Massey Knakal Realty Servs., Inc., 104 AD3d 564, 565 [1st Dept 2013]). Because the complaint was dismissed in its entirety, defendant was the prevailing party entitled to its attorneys' fees under paragraph 16(v) (Suttongate Holdings Ltd. v Laconm Mgt. N.V., 193 AD3d 489, 490 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE [*2]DIVISION, FIRST DEPARTMENT.
ENTERED: February 7, 2023